```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MODULAR DEVICES, INC.,

                     Plaintiff,           MEMORANDUM AND ORDER
                                          08-CV-1441(JS)(WDW)
        - against -

ALCATEL ALENIA SPACE ESPANA
and SPACE SYSTEMS/LORAL, INC.,

                     Defendants.
----------------------------------------X
```

APPEARANCES:
For Plaintiff:      Marilyn Lord-James, Esq.
                    Bracken, Margolin & Gouvis, LLP
                    One Suffolk Square, Suite 300
                    Islandia, NY 11749

For Defendants:     Paul G. McCusker, Esq.
Alcatel Alenia      McCusker Anselin Rosen Carvelli, P.C.
Space Espana        1325 Sixth Avenue, Suite 2805
                    New York, NY 10019

Space Systems/      Leonard A. Rodes, Esq.
Loral, Inc.         Trachtenberg Rodes & Friedberg LLP
                    545 Fifth Avenue
                    New York, NY 10017

SEYBERT, District Judge,

## INTRODUCTION

Plaintiff Modular Devices, Inc. ("MDI" or "Plaintiff") filed this action on March 12, 2008 in the Supreme Court of the State of New York, County of Suffolk. On April 4, 2008, Defendant Space Systems/Loral, Inc. ("SS/L") removed the action to this Court. Pending before the Court is Defendants', Alcatel Alenia Space Espana ("Alcatel")[1] and SS/L (collectively, the "Defendants")

---

[1] Alcatel Alenia Space Espana is a predecessor in interest to Thales Alenia Space Espana.

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth herein, Defendants' motion to dismiss is DENIED.

BACKGROUND

The facts of this case are taken from the Plaintiff's Complaint and are presumed true for purposes of deciding this motion. MDI is a corporation with its principal place of business located in Shirley, New York. (Compl. ¶ 1). Alcatel is a corporation with its principal place of business located in Madrid, Spain. (Compl. ¶ 2). SS/L is a corporation with its principal place of business located in Palo Alto, California. (Compl. ¶ 3). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the matter in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

This case involves contracts entered into by MDI, Alcatel, SS/L, and Mier, a non-party, for the manufacture of electronic modules for ultimate use by SS/L. MDI contracted separately with both Alcatel and Mier, each of which contracted with SS/L.

On or about July 1, 2005, MDI submitted to Alcatel a proposal of the cost to "engineer and manufacture certain electronic modules" in accordance with Alcatel's specifications. (Compl. ¶¶ 4-5). MDI later received Alcatel's purchase order

indicating a contract price of $597,319.65 and began production. (Compl. ¶¶ 6-8). The equipment Alcatel contracted with MDI to produce would be used by SS/L on a project known as TERRESTAR. (Compl. ¶ 17). SS/L became aware of Alcatel's contract with Plaintiff and informed Alcatel that its contract with MDI "would have increased Alcatel's costs and reduced its profits." (Compl. ¶¶ 18-19). Prior to April 20, 2006, Alcatel approved the services provided by MDI and never indicated that the products delivered by MDI were substandard to those in the contract. (Compl. ¶¶ 9-10). After MDI had performed a "substantial" portion of the contract, Alcatel directed Plaintiff to cease production. (Compl. ¶ 11). At that time, $131,591.10 was due and owing to Plaintiff for products and services already delivered, and MDI valued the work in progress at $280,231.90. (Compl. ¶ 12). Alcatel already tendered payment in the amount of $191,427.56, and Plaintiff demanded payment of an additional $411,823.00. (Compl. ¶¶ 13-14). On or about April 24, 2006, Alcatel communicated to MDI its "final termination charge" offer of $173,000. (Compl. ¶¶ 20-21). Plaintiff refused to accept this payment.

Plaintiff claims SS/L knew of Alcatel's contract with MDI and "intentionally procured . . . breach" by giving MDI's work to another vendor chosen by SS/L. (Compl. ¶¶ 22-23). Plaintiff claims this act by SS/L and the resultant actions by Alcatel in cancelling the contract with MDI constituted a wrongful

3

interference with the contract between Alcatel and MDI. (Compl. ¶¶ 24-29). MDI also claims SS/L interfered with MDI's contract with Mier Comunicaciones, S.A. ("Mier") to engineer and manufacture electronic modules. (Compl. ¶¶ 31, 35-40). MDI alleges SS/L instructed Mier to terminate its contract with MDI and contract with another vendor of SS/L's choosing after MDI performed a substantial amount of work for Mier. (Compl. ¶¶ 33-35). MDI claims it suffered damages as a result of SS/L's "interference with the contract between MDI and Mier, in the amount of $164,290.00, or alternatively, in an amount to be determined at trial." (Compl. ¶ 40).

At issue in the motion before the Court is the effect of the settlement of a prior action between MDI and Mier. In 2006, MDI commenced an action against Mier in the Supreme Court of the State of New York, County of Suffolk, for breach of contract and tortious interference with Alcatel's contract. Mier removed the action to the Eastern District of New York on August 22, 2006. Mier counterclaimed against MDI alleging breach of contract, breach of warranty and unjust enrichment. The action was settled by stipulation on August 2, 2007, which discontinued the action ("2007 Settlement"). The settlement stated, "[i]t is hereby stipulated and agreed . . . that the above captioned matter be and hereby is dismissed, with prejudice." (Defs.' Mot. to Dismiss, Ex. E) (emphasis omitted).

Plaintiff commenced the instant action in the Supreme Court of the State of New York, County of Suffolk, on March 12, 2008. SS/L filed a Notice of Removal on April 4, 2008.

DISCUSSION

I. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The Complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). To be clear, on a motion to dismiss, the Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

In applying this standard, the district court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Generally, the scope of the Court's inquiry is confined to "the allegations contained within the four corners of the complaint[,]" Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but

the Court may also examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider a matter of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991). Consideration of materials beyond those just enumerated requires conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. See id.

II. The Doctrine of Claim Preclusion

    A. Claim Preclusion Standard

The doctrine of res judicata or claim preclusion is based on the theory that a judgment reached on the merits bars subsequent actions between the same parties or privies based on the same cause of action. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002); Waldman v. Village of Kiryas, 207 F.3d 105, 108 (2d Cir. 2000); United States v. Alcan Aluminum, 990 F.2d 711 (2d Cir. 1993). Essentially, it "precludes the parties or their privies from relitigating issues that were or could have been raised in th[e prior] action." Federated Dep't Stores, Inc. v. Moitie, 42 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000). "Whatever legal theory is advanced, when the factual predicate upon

which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. 1980). In other words, "if claims arise out of the same 'factual grouping' they are deemed to be part of the same cause of action and the later claims will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986). To determine whether claim preclusion applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citation omitted).

    B.    <u>Claim Preclusion in this Case</u>

        1.    <u>2007 Settlement was an Adjudication on the Merits</u>

In this case, Defendants argue that Plaintiff should be barred from bringing this action because of the preclusive effect of the aforementioned 2007 Settlement. Defendants note that the Complaint against Mier was almost identical to those against Alcatel and SS/L here. Moreover, Alcatel contends that because Plaintiff cited to specific acts of Alcatel in the Mier Complaint,

7

Plaintiff is barred from complaining of those same acts in a suit against Alcatel now. In essence, Defendants maintain that Plaintiff was required to include Defendants Alcatel and SS/L in the first suit in order to remedy the breach of contracts, there was no bar to naming Alcatel or SS/L as defendants in the first action, and since the Plaintiff's prior action was settled with prejudice, the 2007 Settlement constitutes an adjudication on the merits. In response, Plaintiff counters that Defendants' claim preclusion arguments must fail because Defendants failed to satisfy all three prongs of the claim preclusion test: specifically, Plaintiff contends that (1) Alcatel has failed to establish that Plaintiff's claim against it arose from that same agreement, and (2) its claim for tortious interference against SS/L is not barred by claim preclusion.

For purposes of deciding whether the Defendants have met their burden in establishing the first prong of claim preclusion, the Court notes that "[a] judgment on the merits for purposes of res judicata is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment." Dillard v. Henderson, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999). "A dismissal with prejudice constitutes a judgment on the merits just as fully and completely as if the order had been entered after trial[;] . . . a decree of settlement . . . will be given full res

8

judicata effect in a subsequent suit between" the parties and on the claims "compromised in the settlement." Cahill v. Arthur Anderson & Co., 659 F. Supp. 1115, 1120 (S.D.N.Y. 1986), aff'd, 822 F.2d 14 (2d Cir. 1987) (citing Nemaizer v. Baker, 793 F.2d 58, 64 (2d Cir. 1986) and Smith v. Alleghany Corp., 394 F.2d 381, 391 (2d Cir. 1968)). Thus, the stipulation between Mier and MDI represents an adjudication on the merits to be considered along with the final two prongs to the test. That Defendants did not participate in the stipulation is of no consequence to the first prong of this test. This Court finds that the stipulation and dismissal with prejudice of the Mier action constitutes an adjudication on the merits.

2. Privity

The question of whether the previous action involved the parties or those in privity with them is a different matter. Plaintiff argues claim preclusion does not bar its claims in the instant action because there was a lack of privity between the Defendants and Mier. In support of its position, Plaintiff cites to Chase Manhattan Bank, N.A. v. Celotex Corp., which described privity as requiring "the substantial identity of the incentives of the earlier party with those of the party against whom res judicata is asserted." 56 F.3d 343, 346 (2d Cir. 1995). Defendants argue that for claim preclusion to be applicable, only the party against whom the defense is asserted (Plaintiff in the instant action) must have been a party to the prior action.

9

Claim preclusion may be asserted only when the precluded party's interests have been represented in a previous lawsuit. See Chase Manhattan Bank, 56 F.3d at 345-46; Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1233 (2d Cir. 1977) ("Generally speaking, one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation."). The Court in Chase Manhattan Bank continued:

> Res judicata may bar non-parties to earlier litigation not only when there was a formal arrangement for representation in, or actual control of, the earlier action but also when the interests involved in the prior litigation are virtually identical to those in later litigation. . . . [T]he key seems to be that [the] interests [of the non-party] have been adequately represented by others who have litigated the matter and have lost . . . ."

56 F.3d at 345 (internal citations omitted).

Under New York and federal law, the term privity is looked to as a means of determining whether the interests of the party against whom claim preclusion is asserted were represented in prior litigation. In Watts v. Swiss Bank Corp., 265 N.E.2d 739, 27 N.Y.2d 270, 317 N.Y.S.2d 315 (1970), for example, the New York Court of Appeals stated that although privity did not possess a "technical and well-defined meaning," it described a rule by which "a person may be bound by a prior judgment to which he was not a party of record." Id. at 743.

Generally, Courts apply claim preclusion to bar a

10

plaintiff from seeking to litigate additional claims against the same defendant, when plaintiff should have litigated those claims in a prior action. See EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 399-400 (2d Cir. 1997) (plaintiff sought leave to amend to add additional claims against the same defendant in state court, the court denied leave, and we found that claim preclusion "applies to the claims sought to be added in the proposed amended complaint"); see also Landscape Properties v. Whisenhunt, 127 F.3d 678, 683 (8th Cir. 1997) (after plaintiff's motion to amend its complaint to add additional claims against the same defendants was denied in first suit, in subsequent suit those claims were barred by claim preclusion); Huck v. Dawson, 106 F.3d 45, 49-50 (3d Cir. 1997) (same); Johnson v. SCA Disposal Servs., 931 F.2d 970, 974-76 (1st Cir. 1991) (same). The bar is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event.

Unlike the traditional situations described above, the case now before the Court involves a plaintiff seeking to add claims against new defendants. Plaintiff was not required to bring its claims against Alcatel and SS/L because they are independent claims. The defendants in each action held separate contracts with Plaintiff, and Mier held its own incentives in settling its dispute with MDI. See Northern Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 87-89 (2d Cr. 2000). While consent judgments are considered

11

final judgments on the merits that are entitled to res judicata effect, they should not be binding on parties not privy to them. See Amalgamated Sugar Co. v. NL Indus., Inc., 825 F.2d 634, 639 (1987). But even assuming arguendo that Plaintiff's claims against Mier, Alcatel, and SS/L arise out of the same transaction, if MDI chose to sue one defendant, but not the others, the unadjudicated claims would survive the first judgment; "[w]hen a litigant files consecutive lawsuits against separate parties for the same injury, the entry of a judgment in the prior action does not bar the claims against other potentially liable parties." See Northern Assur. Co. of Am., 201 F.3d at 89 (quoting Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367 (2d Cir. 1995)); see also White v. Kelsey, 935 F.2d 968, 970 (8th Cir. 1991) ("A claim is not terminated against one person who may be liable for a loss by a judgment against another person liable for the loss.").

Thus, the Court sees no reason to depart from the traditional application of claim preclusion. Defendants do not allege that they "control[led] or substantially participate[d] in the control of the presentation on behalf" of Mier in the prior action, Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995) (quoting Nat'l Fuel Gas Distr. Corp. v. TGX Corp., 950 F.2d 829, 839 (2d Cir. 1991)); see also Alpert's Newspaper Delivery v. New York Times Co., 876 F.2d 266, 270 (2d Cir. 1989), and there is no other reason to suggest

that Mier, Alcatel, and SS/L have a sufficient alignment of interests to warrant a finding of privity.

Having determined that the Defendants have failed to establish privity, the Court finds Plaintiff's claims are not precluded by the doctrine of claim preclusion. Accordingly, Defendants' motions to dismiss are DENIED.

## CONCLUSION

For the reasons stated herein, the Defendants' motions pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for a judgment on the pleadings dismissing the Complaint are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March  16 , 2009